# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DONNA S. LEE,                                )
                                             )
                    Plaintiff,               )
                                             )
-vs-                                         )   Case No. CIV-23-240-F
                                             )
STATE OF OKLAHOMA, *ex rel.*,                )   (District Court of Oklahoma County
COMMISSIONERS OF THE LAND                    )    Case No. CJ-2023-785)
OFFICE,                                      )
                                             )
                    Defendant.               )

## ORDER

Plaintiff Donna S. Lee was formerly employed by Defendant, State of Oklahoma, *ex rel.*, Commissioners of the Land Office as an audit technician IV. Her employment was terminated in December 2021. After her termination, plaintiff commenced an action in the District Court of Oklahoma County, State of Oklahoma, alleging claims of age, gender (gender-plus) and disability discrimination under federal and state law. Defendant removed the action to this court based upon the existence of federal question jurisdiction under 28 U.S.C. § 1331.

Having conducted discovery, defendant has moved for summary judgment on all of plaintiff's claims. *See*, doc. no. 21. Plaintiff has responded to the motion. *See*, doc. no. 24. Defendant has replied. *See*, doc. no. 26. The matter is at issue.

Defendant moves for summary judgment, contending that plaintiff has "no factual or evidentiary basis for her claims of gender and age discrimination." Doc. no. 21, ECF. p. 8. It also argues that regardless of whether plaintiff may establish a prima facie case of gender and age discrimination, plaintiff cannot refute that its

decision to terminate her employment was motivated by a legitimate non-discriminatory purpose. In addition, with respect to plaintiff's failure-to-accommodate claim, defendant argues that it is entitled to summary judgment because plaintiff's requested accommodation was not reasonable. Further, it argues that it did not terminate her employment or otherwise discipline her due to her disability or any dissatisfaction with the reasonable accommodations that defendant provided to plaintiff for her disability. Further, defendant argues that the Oklahoma Governmental Tort Claims Act (OGTCA) precludes the Oklahoma Anti-Discrimination Act claims because plaintiff did not comply with the OGTCA's notice and commencement provisions.

In response, plaintiff states in relevant part:

> Although this action was brought based on gender and age, it does appear that the predominate motivating factor in terminating her was Ms. Lee's disability. Ms. Lee acknowledges that the [Commissioners of the Land Office] is a state agency and is not subject to suit under the [American with Disabilities Act (ADA)]. Ms. Lee, however, initiated her action in state court and based her disability claim on the Oklahoma-Anti-Discrimination Act (OADA).

> Accordingly, it would appear that the proper course of action in this case would be to remand that claim back to state court for determination.

Doc. no. 24, ECF p. 7.

Further, in her response, plaintiff states while addressing whether the OGTCA excludes coverage of the actions covered by the OADA:

> [W]hile some federal judges have expressed a different view, state court judges continue to hold that the OADA controls the OGTCA. []

2

> Because of this conflict, if the federal claims were
> dismissed, the state law claims should be remanded to
> state court where a binding determination of state law is
> capable of being obtained.

*Id*. at ECF pp. 19-20. (emphasis omitted).

Lastly, in the concluding paragraph of her response, plaintiff states:

> [I]t is clear that the OADA super[s]edes the OGTCA, or,
> at the least this is a state law question which should be
> remanded back to state court.

*Id*. at ECF p. 26.

Defendant, in reply, urges the court to continue its exercise of supplemental jurisdiction over the state law claims.  It points out that deciding all claims—especially after discovery has been conducted and dispositive motions have been filed—would weigh in favor of judicial economy, convenience, and fairness to all litigants.  It also points that that the OADA disability claims are evaluated using the same standards as claims under the ADA.

Upon review, it appears that plaintiff is urging the court to dismiss all of her federal law claims and remand the remaining state law claims back to state court. Rule 41, Fed. R. Civ. P., does not allow the dismissal of less than all claims in an action.  *See*, Gobbo Farms & Orchards v. Poole Chemical Co., 81 F.3d 122, 123 (10th Cir. 1996).  Instead, an amendment under Rule 15, Fed. R. Civ. P., is the proper procedure for voluntarily dismissing some, but not, all claims.  *See*, Norbert v. Board of County Commissioners of Lincoln County, Case No. CIV-20-968-R, 2020 WL 7033992, at *1 (W.D. Okla. Nov. 30, 2020) (citing Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518 (Fed. Cir. 1987) and Klay v. United Health Group, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004)).  The court therefore construes plaintiff's summary judgment response as a motion to amend the complaint to dismiss all federal law

3

claims under Rule 15(a)(2), Fed. R. Civ. P.  Mindful that leave to amend should be freely given "when justice so requires" and not satisfied that any reason for denying leave to amend exists, such as undue delay, bad faith or dilatory motive on the part of plaintiff, or undue prejudice to defendant, *see*, Foman v. Davis, 371 U.S. 178, 181 (1962), the court concludes that plaintiff's summary judgment response construed as a motion to amend the complaint to dismiss all federal law claims should be granted.  Rather than require plaintiff to file an amended complaint dropping all federal law claims, the court will deem the complaint amended to dismiss all the federal law claims.

With the dismissal of all federal claims, only state law claims remain. Although defendant urges the court to exercise supplemental jurisdiction over the claims rather than remand them to state court, the court declines to do so.  The court takes heed of the Supreme Court's statement in Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988), that "in the usual case in which all federal-law claims are eliminated *before trial*, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise over the remaining state-law claims." (emphasis added).  In addition, the court takes heed of the Tenth Circuit's statement in Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011), that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.'" (quoting Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998)).  As the federal law claims are dismissed before trial, the court concludes that it is appropriate to decline supplemental jurisdiction over the remaining state law claims. Consequently, the court will remand the remaining state law claims to state court.

Accordingly, Plaintiff's Response to Summary Judgment (doc. no. 24) is construed as a motion to amend the complaint to dismiss all federal law claims under

Rule 15(a)(2), Fed. R. Civ. P., and is **GRANTED**.  Plaintiff's complaint is **DEEMED AMENDED** to dismiss all federal law claims.  With the dismissal of all federal law claims, the court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims and **REMANDS** the remaining state law claims and this action to the District Court of Oklahoma County for further proceedings.  The clerk of the court shall effect the remand of this action to the District Court of Oklahoma County.

In light of the court's ruling, the court also **STRIKES** Defendant's Motion for Summary Judgment without prejudice to refiling in state court.

DATED this 30th day of January, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0240p005.docx

5